## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BACKGRID USA, INC., a California corporation; SPLASH NEWS AND PICTURE AGENCY, LLC, a Nevada limited liability company,<br><br>        Plaintiffs,<br><br>   v.<br><br>MAKAVELLIOTT, LLC, a New York limited liability company; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No.:   1:20-cv-9758 |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

## DEMAND FOR JURY TRIAL

Plaintiffs Backgrid USA, Inc. and Splash News and Picture Agency, LLC complain against Defendant Makavelliott, LLC, a limited liability company, and Does 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1.      This is a civil action against Defendants for acts of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), 28 U.S.C. § 1400(a), in that the claim arises in this judicial district, and, on information and belief, the Defendants reside in this district. Defendants are subject to general and specific jurisdiction of this Court because of their contacts with the State of New York.

## PARTIES

3.      Plaintiff Backgrid USA Inc. ("Backgrid") is a California corporation existing under the laws of California, with its principal place of business located in Redondo Beach, California.

4.      Plaintiff Splash News and Picture Agency, LLC ("Splash") is a Nevada limited liability company with its principal place of business in Los Angeles, California.

5.      On information and belief, Defendant Makavelliott, LLC ("RapRadar" or "Defendant") is a New York limited liability company, with its principal place of business in New York, New York.

6.      The true names or capacities, whether individual, corporate or otherwise, of the Defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs will ask for leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

## FACTS COMMON TO ALL COUNTS

### *The Photo Agencies and the Photographs that Frame this Dispute*

7.      Backgrid and Splash (collectively the "Photo Agencies") are Hollywood's largest celebrity-photograph agencies that regularly license celebrity-driven content to top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers and other prominent media outlets throughout the world. Each license has been granted for valuable consideration of up to hundreds of thousands of dollars.

8.      Among many other in-demand photographs, Backgrid and Splash respectively own the coveted celebrity photographs at issue in this litigation, among many more (hereinafter the "Celebrity Photographs"). Backgrid owns at least 10 timely registered photographs ("Backgrid Timely Registered Photographs") and Splash owns at least 11 timely registered photographs ("Splash Timely Registered Photographs") that have been infringed by Defendant and are at issue in this litigation.

9.      The Photo Agencies filed for copyright registration of their respective Agency Photographs within 90 days of their first publication with the United States Copyright Office. The Copyright registration information for the timely registered photographs is attached as Exhibit A-1 (Backgrid) and A-2 (Splash).

### *Defendant and Its Willful Infringing Activity*

10.      Defendant RapRadar was founded by its Chief Executive Officer, Elliott Wilson. Mr. Wilson is a journalist and editor who has co-authored at least two critically acclaimed books, served as the editor of The Source magazine and as the editor-in-chief of XXL Magazine before founding RapRadar.com, a hip-hop news and culture website. The RapRadar website has been nominated as the best hip-hop website by the BET Hip Hop Awards at least three times, which no doubt contributed to Mr. Wilson's acclaim when he was named as The Hollywood Reporter's "Top 20 Music Industry Innovators" and when he was included in Billboard's "Twitter 140" list, twice, which is a list of the most influential people in the music business.

11.     To promote the RapRadar website and its other content which it monetizes, like its podcast which it distributes through streaming mega-giant Tidal.com, RapRadar promotes itself through its Instagram account. Unfortunately, to drive traffic and interest to its Instagram Account, RapRadar infringed photographs belonging to the Photo Agencies. Because RapRadar is a repeat and notorious infringer of copyright and due to the sheer volume of DMCA notices issued to the Account, Instagram has disabled RapRadar's Instagram Account. The infringements are no longer active because the Photo Agencies issued DMCA takedown notices for the infringement at issue in this litigation.

12.     RapRadar has reproduced, distributed, displayed, and created unauthorized derivative works of the timely registered Agency Photographs on its Instagram Account without consent or license, as shown in Exhibit B-1 (Infringements of Backgrid Timely Registered Photographs), B-2 (Infringements of Splash Timely Registered Photographs). Each of the infringements were discovered by the Agencies less than three years prior to the filing of this lawsuit.

13.     RapRadar has violated federal law by willfully infringing at least 21 timely registered photographs on, at least, RapRadar's Instagram Account, which are owned by either Backgrid or Splash.

14.     RapRadar has induced, caused, or materially contributed to the reproduction, distribution and public display of the Agency Photographs, and derivatives thereof, all the while knowing that the infringing images on its Instagram Account were being used without permission, consent, or license.

15.     On information and belief, at all times relevant to this dispute, RapRadar has operated, and controlled its Instagram Account and has financially benefited by displaying and reproducing the Agency Photographs thereto. On information and belief, RapRadar has driven significant traffic to its Instagram and increased the goodwill to its brand through the unauthorized use of the Agency Photographs, and thereby increased its revenues through the presence of the sought-after and searched-for Agency Photographs that frame this dispute. Such

traffic translated into a substantial ill-gotten commercial advantage and increased brand awareness as a direct consequence of the infringements.

## FIRST CLAIM FOR RELIEF

### (Backgrid's Claim for Copyright Infringement, 17 U.S.C. § 501)

16.     Backgrid incorporates here by reference the allegations in paragraphs 1 through 15 above.

17.     Backgrid is the owner of all rights, title, and interest in the copyrights of the Backgrid Timely Registered Photographs that frame this dispute, which substantially consist of material that is wholly original copyrightable subject matter under the laws of the United States.

18.     Backgrid filed for copyright registration of the Backgrid Timely Registered Photographs with the United States Copyright Office within 90 days of their first publication.

19.     Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed Backgrid's copyrights by reproducing, displaying, distributing, and utilizing the Backgrid Timely Registered Photographs for purposes of trade in violation of 17 U.S.C. §§ 501 *et seq.*

20.     All of the Defendants' acts are and were performed without permission, license, or consent of Backgrid.

21.     Backgrid has identified at least 10 instances of infringement by way of unlawful reproduction and display of the Backgrid Timely Registered Photographs.

22.     As a result of the acts of Defendants alleged herein, Backgrid has suffered substantial economic damage.

23.     RapRadar has willfully infringed, and unless enjoined will continue to infringe Backgrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing Backgrid's photographs by, among other things, virtue of RapRadar's encouragement of the infringement and financial benefit it receives from infringement of Backgrid's copyrights.

24.     Defendant's wrongful acts have caused, and are causing, injury to Backgrid, which injury cannot be accurately computed.  Unless this Court restrains Defendants from

further commission of said acts, Backgrid will suffer irreparable injury for which it is without an adequate remedy at law. Accordingly, Backgrid seeks a declaration that Defendants are infringing Backgrid's copyrights and an order under 17 U.S.C. § 502 enjoining Defendant from any further infringement.

25.     The above-documented infringements alone would entitle Backgrid to a potential award of up to $ 1,500,000 in statutory damages for the at-least 10 infringed photographs, in addition to its attorney's fees.

## SECOND CLAIM FOR RELIEF

### (Splash's Claim for Copyright Infringement, 17 U.S.C. § 501)

26.     Splash incorporates here by reference the allegations in paragraphs 1 through 15 above.

27.     Splash is the owner of all rights, title, and interest in the copyrights of the Splash Timely Registered Photographs that frame this dispute, which substantially consist of material that is wholly original copyrightable subject matter under the laws of the United States.

28.     Splash filed for copyright registration of the Splash Timely Registered Photographs with the United States Copyright Office within 90 days of their first publication.

29.     Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed Splash's copyrights by reproducing, displaying, distributing, and utilizing the Splash Timely Registered Photographs for purposes of trade in violation of 17 U.S.C. §§ 501 *et seq*.

30.     All the Defendants' acts are and were performed without permission, license, or consent of Splash.

31.     Splash has identified at least 11 instances of infringement by way of unlawful reproduction and display of the Splash Timely Registered Photographs.

32.     As a result of the acts of Defendants alleged herein, Splash has suffered substantial economic damage.

33.     RapRadar has willfully infringed, and unless enjoined will continue to infringe, Splash's copyrights by knowingly reproducing, displaying, distributing, and utilizing Splash's photographs by, among other things, virtue of RapRadar's encouragement of the infringement and financial benefit it receives from infringement of Splash's copyrights.

34.     Defendant's wrongful acts have caused, and are causing, injury to Splash, which cannot be accurately computed. Unless this Court restrains Defendants from further commission of said acts, Splash will suffer irreparable injury for which it is without an adequate remedy at law.  Accordingly, Splash seeks a declaration that Defendants are infringing Splash's copyrights and an order under 17 U.S.C. § 502 enjoining Defendant from any further infringement.

35.     The above-documented infringements alone would entitle Splash to a potential award of up to $ 1,650,000 in statutory damages for the at-least 11 infringed photographs, in addition to its attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.      That Defendants, and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or engaging in any other form of dealing or transaction in, any and all the Agency Photographs, including on Instagram and Facebook;

2.      That pursuant to 17 U.S.C. § 504 (a)(1) & (b) an accounting be made of all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiffs' copyrights;

3.      Pursuant to under 17 U.S.C. § 504 (a)(1) & (b) for actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement, and for all damages suffered by Plaintiffs by reasons of Defendant's acts;

5.      For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c);

6.      For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505, 17 U.S.C. § 512(f);

7.      For costs and interest pursuant to 17 U.S.C. § 504 (a)(1) & (b), 17 U.S.C. § 505, 17 U.S.C. § 512(f); and

8.      For any such other and further relief as the Court may deem just and appropriate.


Dated:  November 19, 2020                     **ONE LLP**

                                              By: /s/ Joanna Ardalan
                                                  Joanna Ardalan (Pro Hac Vice Pending)
                                                  9301 Wilshire Blvd., Penthouse Suite
                                                  Beverly Hills, CA  90210
                                                  Telephone:      (310) 866-5157
                                                  Facsimile:      (310) 943-2085

                                                  Peter R. Afrasiabi (Pro Hac Vice Pending)
                                                  4000 MacArthur Boulevard
                                                  Each Tower, Suite 500
                                                  Newport Beach, CA 92660
                                                  Telephone:      (949) 502-2870
                                                  Facsimile:      (949) 258-5081

                                                  Attorneys for Plaintiffs
                                                  Backgrid USA, Inc. and Splash News and
                                                  Picture Agency, LLC

## DEMAND FOR JURY TRIAL

Plaintiffs Backgrid USA, Inc., and Splash News and Picture Agency, LLC, hereby demand trial by jury of all issues so triable under the law.

Dated:  November 19, 2020                    **ONE LLP**

By:  /s/ Joanna Ardalan
          Joanna Ardalan (Pro Hac Vice Pending)
          9301 Wilshire Blvd., Penthouse Suite
          Beverly Hills, CA  90210
          Telephone:      (310) 866-5157
          Facsimile:      (310) 943-2085

          Peter R. Afrasiabi (Pro Hac Vice Pending)
          4000 MacArthur Boulevard
          Each Tower, Suite 500
          Newport Beach, CA 92660
          Telephone:      (949) 502-2870
          Facsimile:      (949) 258-5081

          Attorneys for Plaintiffs
          Backgrid USA, Inc. and Splash News and
          Picture Agency, LLC